**SO ORDERED.**

**SIGNED this 27 day of November, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

CAROLYN MULLENAX HAIR,                    CASE N0. 10-01944-8-JRL
                                          CHAPTER 13
    DEBTOR.
_____

### ORDER

This case is before the court on the trustee's motion to dismiss the bankruptcy case of Carolyn Mullenax Hair (the "debtor") for failure to file a confirmable chapter 13 plan. On November 7, 2012, the court held a hearing on this matter in Raleigh, North Carolina.

The debtor filed her voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 11, 2010. On July 27, 2012 the trustee filed the motion to dismiss presently before the court arguing that the debtor exceeded the debt limits for a chapter 13 plan, and therefore, failed to file a confirmable plan. As of the date of the hearing, a plan had not been confirmed. Additionally, the debtor had not made a payment since October 2011, leaving her thirteen (13) payments delinquent.

The debtor argues that the estimated tax claims for 2003-2005 and 2007 are contingent, and in the alternative, that they are not liquidated because they have been estimated by the IRS, and therefore should not be included in the debtor's debt limit calculation. The debtor filed, but did not

pay income taxes for years 2000-2002, and did not file income tax returns for years 2003-2005 and 2007. The IRS submitted a proof of claim on April 20, 2010 with assessed and estimated tax liabilities for years 2000-2009; such proof of claim totals $417,123.00.

Section 109(e) of the Bankruptcy Code provides that, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $[360,475][1] . . . may be a debtor under chapter 13 of this title." Although the Bankruptcy Code does not provide a definition for "contingent," it is generally settled that a claim is noncontingent "if all of the events giving rise to the liability for the debt occurred prior to the filing of the bankruptcy petition." See, e.g., In re Keenan, 201 B.R. 263, 264-65 (Bankr. S.D. Cal. 1996)(quoting In re Nicholes, 184 B.R. 82, 88 (9th Cir. B.A.P. 1995)); see also In re DePaulis, No. 07-CV-75, 2008 WL 4446999, at *6 (W.D.N.C. Sept. 26, 2008). All the activities giving rise to the tax liabilities in the tax years in question, 2003-2005 and 2007, have already occurred; therefore, the IRS's claims are not contingent.

Next, the debtor argues that the IRS's claims are not liquidated. Consistent with the majority of courts, disputed, non-contingent, and liquidated debts are included in the chapter 13 debt limit calculation, and accordingly, a court should not exclude those debts that the debtor merely disputes. See, e.g., DePaulis, No. 07-CV-75, 2008 WL 4446999, at *6-7; In re Stern, 266 B.R. 322, 327 (Bankr. D. Md. 2001) ("Even claims that are disputed as to liability must be counted in determining the debtor's eligibility for Chapter 13 relief.").

"[T]he key factor in distinguishing liquidated from unliquidated claims is *not* the extent of

---

[1] Dollar amount adjusted by the Judicial Conference of the United States. *See* Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under Section 104(A) of the Code, 75 Fed. Reg. 8,747 (Feb. 2, 2010).

the dispute nor the amount of evidence required to establish the claim, but *whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard.*" Stern, 266 B.R. at 326 (quoting In re Barcal, 213 B.R. 1008, 1014 (8th Cir. B.A.P. 1997) (emphasis in original)).  Additionally, the IRS's "proof of claim constitutes prima facie evidence of the validity of the amount of the claim" even where the IRS subsequently submits amendments or adjustments to such proof of claim.  See Hounsom v. United States, 325 B.R. 319, 326 (M.D. Fla. 2005).  In the present case, the tax code, established IRS policies, and the proof of claim were used to determine the debtor's estimated tax liability and where "the process utilized by the IRS appears to be sound [and] was performed in good faith [it] must be respected."  Id; In re Siversten, 180 B.R. 513, 514 (Bankr. N.D. Ill. 1994).

 Because the IRS's claim is liquidated and not contingent, the debtor's unsecured debt limits exceed the statutory debt limits in § 109(e).

Based on the foregoing, the motion to dismiss the case is **ALLOWED.**  The debtor will have ten (10) days from entry of this opinion to convert this case to one under chapter 7 and failure to do so will result in dismissal of her case.

**END OF DOCUMENT**